**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABHISHEK ABHISHEK,<br><br>                       Petitioner,<br><br>   v.<br><br>WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY, *et al.*,<br><br>                    Respondents. | Case No. 26-cv-00713-BAS-VET<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**<br><br>**(2) DENYING AS MOOT MOTION FOR INJUNCTIVE RELIEF (ECF No. 2)** |

Petitioner Abhishek Abhishek filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner, a native of India, entered the United States on March 5, 2023. (*Id.* ¶ 2.)  Petitioner has no criminal record. (*Id.* ¶ 3.) He applied for asylum, and he has appeared for all his immigration hearings.  (*Id.* ¶¶ 61–62.)

On December 9, 2025, Respondents arrested Petitioner.  (*Id.* ¶ 21.)  Because of the Board of Immigration Appeals ("BIA") decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), Respondents have determined that Petitioner's detention is now

mandatory under 8 U.S.C. § 1225.  (*Id.* ¶¶ 64–65.)  Petitioner filed this Petition seeking immediate release or a constitutionally adequate bond hearing.  (ECF No. 1.)

Petitioner simultaneously filed a Motion for a Temporary Restraining Order seeking a stay of removal proceedings until this Petition could be adjudicated.  (ECF No. 2.)  The Court denied *ex parte* relief on the Motion for the Temporary Restraining Order.  (ECF No. 3.)  It indicated it would consider the Motion for Injunctive Relief after giving Respondents an opportunity to respond.  (*Id.*)  The Court further provided notice that it would consolidate the Motion for Injunctive Relief with a determination on the merits of the Petition under Rule 65(a)(2).  (*Id.*)

The Government filed a Return acknowledging "that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (ECF No. 4.)

This Court has previously held in multiple cases that it agrees with the Central District in *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225.  *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026).  Hence, for all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Petitioner Abhishek Abhishek (A# 246-756-506) be given a bond hearing before an Immigration Judge within 14 days of the date of this Order.  His bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2).  If no bond hearing is held within that time frame, the Court **ORDERS** that Petitioner be immediately released under reasonable conditions of supervision.

//

//

- 2 -

26cv0713

In light of this Court's order granting the Petition, the Court **DENIES AS MOOT** the Motion for Injunctive Relief (ECF No. 2).  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: February 17, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv0713